Mr. Justice Kelley
delivered the opinion of the Court.
Plaintiff in error, Denver Chapter No. 145, Order of Ahepa (Denver Chapter), was the unsuccessful plaintiff in the trial court. The defendant in error, Mile Hi Chapter 360, Order of Ahepa (Mile Hi Chapter), was the defendant. Both parties are unincorporated fraternal associations.
An old mansion situated on nine lots, located at 808 Grant Street, Denver, Colorado, record title to which is in Denver Chapter, which is used for lodge purposes, is the subject of the litigation.
Initially, there were five additional defendants, all affiliates of the international fraternal Order of Ahepa, as are the two remaining parties. The five which dropped by the wayside either disclaimed or defaulted.
*543 The present litigation is the progeny of various and sundry lawsuits between the several Ahepa organizations or members against members thereof individually. The immediate antecedent was Civil Action No. A-91304, American Hellenic Educational Progressive Association Temple, Inc. v. Denver Chapter No. 145, Order of Ahepa and Hellenic Corporation of Denver, final decree in which was entered April 27, 1955.
In this action the plaintiff sought (A) a declaratory judgment that Denver Chapter is the owner in fee simple of the property, with the right to sell or lease it without the prior consent or permission of the defendant, and (B) to quiet title in itself, asserting that the defendant had abandoned its “right of user.”
The defendant, by counterclaim, asserted that the decrees in A-91304 established rights of user in Mile Hi Chapter “and effectively constituted the Plaintiff a trustee in perpetuity in said property.”
The decree in A-91304 (the decree) was the result of a stipulation of the parties to that lawsuit. The decree appears to have followed to the letter the terms of the stipulation. The decree ordered an election to be conducted under the supervision of the court, with only those members of the various Hellenic organizations being allowed to vote who had made contributions (1) to the purchase of the property; or (2) toward the payment of the mortgage debts; or (3) to the building fund. The question to be resolved was whether Hellenic Corporation of Denver, the then title holder, would convey its title to American Hellenic Educational Progressive Association Temple, Inc. (Ahepa Temple), or to Denver Chapter. The election resulted in a 3-1 vote in favor of Denver Chapter.
Following the election, the trial court, by supplemental decree, ordered Hellenic Corporation of Denver to convey title to the property to Denver Chapter.
“* * * subject to the conditions contained in the decree of the District Court for the City and County of Denver, *544 State of Colorado, dated April 27, 1955 in Civil Action No. A-91304.”
The decree ordered Denver Chapter to permit the various chapters of the Order of Ahepa in Denver (and their .auxiliaries) to have full, complete and unrestricted use of the facilities of the building at 808 Grant Street, subject to certain priorities in the scheduling of meetings. The decree next provided that,
“If the building shall be hereinafter sold or conveyed by the grantee [Denver Chapter No. 145] then and in that event the rights herein shall be protected in perpetuity.”
Mile Hi Chapter was not a party to any of the lawsuits which culminated in the stipulation and the resulting decree and supplemental decree, but it was a member of the class given permission “to have full, complete and unrestricted use of the facilities of the building at 808 Grant Street.”
The present litigation, according to the complaint filed by the plaintiff, was instituted to resolve a dispute which developed “with respect to the right, title and interest of the plaintiff in” the property. The plaintiff claimed that,
“* * * it may for a valuable consideration either sell or enter into a long-term lease agreement involving third parties,”
without the consent of the defendant, “but reserving rights to the plaintiff and defendants to use of a portion of said new improvements.” The plaintiff concedes that the defendants, by virtue of the decree, have a “right of user” or a “license.”
The defendant argues that the plaintiff holds title to the property as a trustee, and that as such trustee it cannot lease nor sell the property without the express consent of the defendant. Further, the defendant asserts “that those rights are rights in specific property; that they exist in perpetuity; that they are charitable, eleemosynary, in nature, and cannot be disturbed.”
The only evidence introduced at the trial, other than *545 documentary evidence relating to the prior lawsuits, the stipulation, the decree, and the supplemental decree, was testimony relative to plaintiff’s claim that the defendant by non-user had abandoned or waived its rights in the property, of whatever nature they might have been. The court found that there had been no abandonment. Our disposition of the principal issue does not require us to discuss or disturb this finding.
The trial court, on motion of the defendant, dismissed the complaint and entered judgment on the counterclaim. The court found that there was no substantial dispute as to factual questions and disposed of those issues with which we are concerned in this opinion as matters of law.
The portions of its decree which are of primary concern on this appeal are set out in full:
“5.2 The Court finds and concludes that under the Decree and Supplemental Decree and the said D'eed, Exhibit A, and by virtue of the rights of user mentioned, and particularly including such rights of the Defendant, Mile Hi City Chapter No. 360, the Plaintiff took title, has held title, and now holds title only as a Trustee, and subject to the terms and provisions of the Decree, Supplemental Decree, and deed, and the rights of the Defendant, Mile Hi City Chapter No. 360.
“5.3 The Court further finds and decrees that the plaintiff could and can convey by sale or lease only with the consent and approval of those same Defendants given the right of user by the Decree and Supplemental Decree and can so convey by sale or lease only with the consent of the Defendant Mile Hi City Chapter No. 360.”
It is significant to note that there is no mention of trust in either the stipulation or the decree or supplemental decree. Nor is there any language in these instruments from which it can be reasonably inferred that a trustee-beneficiary relationship was contemplated by the parties to that litigation. In this connection it should be pointed out that the stipulation was drafted by lawyers competent to have so worded the stipulation that it would *546 have created such a relationship, if that had been the intent of the parties.
The language and the intent of the stipulation carried over into the decree and the supplemental decree. No mention was made of a trust.
A warranty deed form was used to convey the property from Hellenic Corporation of Denver to Denver Chapter. It recited that the first party (grantor)
“* * * hath granted, bargained, sold and conveyed, and by these presents doth grant, bargain, sell, convey and confirm unto the said party of the second part, its heirs, and assigns forever, * * *” the property,
“Together with all and singular the hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the reversion or reversions, remainders, rents, issues and profits thereof; and all of the estate, right, title, interest, claim and demand whatsoever * * *” of the grantor.
Following the habendum clause, the clause subjecting the conveyance to the conditions of the decree was inserted.
The uncontradicted evidence showed that neither the defendant nor any other eligible group had been denied the right to use the property by the plaintiff. The court, however, made no specific finding on this issue. It also appeared that the plaintiff recognized its obligation, under the terms of the stipulation and decree, to permit Mile Hi Chapter and other Ahepa organizations to use the facilities.
Perhaps the key to the intent contemplated by the parties to the stipulation is to be found in that paragraph of the decree which provides that,
“If the building shall be hereinafter sold or conveyed by the grantee [Denver Chapter] then in that event the rights herein shall be protected in perpetuity.”
At the time of the settlement of their various grievances it is clear that a future sale of the property was *547 contemplated by the parties. In the event such a contingency materialized, “the rights” of all Ahepa organizations were to “be protected in perpetuity.”
The question resolves itself into a determination of the quality and quantity of those rights.
 In the usual trust situation involving real estate, the trustee has legal title and the beneficiaries have an equitable ownership. 54 Am. Jur. Trusts §4, at 21, 22. An intention to create a trust may be determined from the nature of the transaction, the documents employed, and the surrounding circumstances.
The basic right which the decree gave to Mile Hi Chapter was “full, complete and unrestricted use of the facilities of the building.” This contemplated the use of the building for lodge or fraternal purposes. It seems equally clear that this right to the use of the facilities was to be protected in perpetuity, if the property were sold.
It is not realistic to believe that warring factions composed primarily of business and professional men (which the record shows to be the fact) and represented by competent lawyers, in the hopeful termination of what seemed to be interminable litigation, would, in providing for the sale of the subject property, intentionally attach conditions which might, and probably would, lead to new litigation.
It seems equally clear that the right to use lodge facilities could only be protected in perpetuity, without carving out a part of the fee to accomplish the purpose, by treating the “right to use” as a covenant or contract right. By so treating this right of Mile Hi Chapter, the plaintiff could, if it elected, lease the real estate at 808 Grant on a long-term basis to a third party, with a provision for adequate lodge facilities for the Ahepa organizations; or, it could sell the property and use the funds derived from the sale to provide lodge facilities in other property. The enforcement of the rights of the *548 defendant would be by the employment of any appropriate contract remedy.
Substantially the same result would obtain were we to adopt the defendant’s trust theory. We would hold that the decree gave the plaintiff (trustee) a power of sale which would not require the consent of the defendant (cestui que trust).
The equities predominate in favor of the plaintiff. By a vote of 3 to 1 of those who had a financial interest in the property, it was decided that the legal title should be in the plaintiff; the plaintiff was given the first priority to use the property; it had the responsibility for maintenance, repair and taxes. Denver Chapter, under the trust theory, would have been both the trustee and a principal beneficiary.
We conclude that the rights of the parties, as well as the other beneficiaries of the stipulation and decree, will be best served by quieting title in the real estate in Denver Chapter and declaring the rights of the Mile Hi Chapter to be contract rights, enforceable as such.
The finding and judgment of the trial court that the defendant did not waive nor abandon its rights to the use of lodge facilities is affirmed; in all other respects the judgment of the trial court is set aside; and the cause is remanded for the entry of a decree in conformance with the views herein expressed.
Mr. Chief Justice McWilliams and Mr. Justice Groves dissenting.
Mr. Justice Pringle not participating.