T.C. Memo. 2013-266

UNITED STATES TAX COURT

61 YORK ACQUISITION, LLC, SIB PARTNERSHIP, LTD., TAX MATTERS
PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22910-12.                    Filed November 19, 2013.

Kevin M. Flynn and Henry S. Lovejoy, for petitioner.

Michael Dean Wilder and Michael A. Sienkiewicz, for respondent.

MEMORANDUM OPINION

LARO, Judge:  In 2006, 61 York Acquisition, LLC (partnership)

contributed a historic preservation facade easement in a certified historic structure.

In respect thereof, the partnership claimed a charitable contribution deduction of

$10,730,000 on its 2006 partnership tax return.  Respondent disallowed the

[*2] deduction in full.  Respondent further determined that the partnership was liable for a 40% accuracy-related penalty under section 6662(h)[1] or, alternatively, for a 20% accuracy-related penalty under section 6662(a) and (b)(1), (2), or (3).

This case is presently before the Court on respondent's motion for partial summary judgment.  At issue is whether the partnership's contribution is a "qualified conservation contribution" under section 170(h)(1) entitling the partnership to a charitable contribution deduction.  We hold that it is not.  Consequently, we will grant respondent's motion.

<u>Background</u>

The following facts are not in dispute.

The partnership owns the entire interest in 332 Property, LLC, a Delaware limited liability company, which is treated as a disregarded entity for Federal income tax purposes.  332 Property, LLC, owns a partial interest in a property at 330-332 South Michigan Avenue in Chicago, Illinois (property).  The property is in the Historic Michigan Boulevard District and is a Chicago landmark designation.  On December 27, 2006, the National Park Service classified the property as a "certified historic structure" for charitable contribution purposes.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Ownership of the property is divided into two parts: the "Office Property", which consists of the first 14 floors of the property, and the "Residential Property", which consists of residential condominium units on the top 6 floors of the property.

On January 3, 2000, the respective owners of the office property and the residential property entered into an "Amended and Restated Declaration of Covenants, Conditions, Restrictions and Easements" (amended declaration) which set forth the ownership rights and responsibilities of the respective owners.

Section 20.16 of the amended declaration provides that the owner of the office property owns the "Facade" and "reserves the right, in its sole and exclusive discretion, to [] grant an easement in or dedicate the Facade to or for the benefit of any private, city, county, state or federal historic preservation agency or trust." Section 1.1 of the amended declaration defines "Facade" as follows:

> [t]he exterior wall of the Building facing Michigan Avenue and Van Buren Street from the street level up to the Roof * * * but excluding (i) the glass in the windows, window frames, window systems, joints and seals located in the Building; (ii) the Roof and the Roof structure, membrane, flashings and seals over the cornice; (iii) the window frames, flashings, systems, machinery and equipment and joints and seals located in the Condominium; (iv) the Garage entrance and exit doors and entrance and exit door systems and joints and seals; and (v) the structural support for the exterior wall of the Building. [Emphasis added.]

**[\*4]** Section 5.1(I) of the amended declaration provides that the owner of the office property is responsible for "Maintenance of the Facade and maintenance of other portions of the facade of the Building". Finally, section 14.1 of the amended declaration provides that an owner who wishes to make an addition, improvement, or alteration that "materially alters the Facade of the Building" must obtain prior written consent of the other owner.

In 2004 the partnership, as the owner of 332 Property, LLC, acquired the office property but did not acquire the residential property. On December 18, 2006, the partnership granted a "Conservation Deed of Easement" (easement) in the property to the National Architectural Trust, Inc. (NAT). The easement terms require the grantor to obtain prior written consent from the NAT before making any change to the "Protected Facades", which include "the existing facades on the front, sides and rear of the Building and the measured height of the Building."

In its 2006 return, the partnership claimed a charitable contribution deduction of $10,730,000 with respect to the easement contribution. Attached to the 2006 return was Form 8283, Noncash Charitable Contributions, which included a declaration by an appraiser valuing the easement at $10,730,000.

On June 25, 2012, respondent issued the partnership a notice of final partnership administrative adjustment (FPAA) disallowing the charitable

**[\*5]** contribution deduction because the partnership did not establish that the requirements of section 170 (or the regulations thereunder) had been met nor establish that the value of the easement was $10,730,000. Respondent also determined, with respect to the noncash charitable contribution, that the partnership was liable for an accuracy-related penalty under section 6662(h) for a gross valuation misstatement or, in the alternative, that the partnership was liable for an accuracy-related penalty under section 6662(a) and (b)(1), (2) or (3) for negligence or disregard of rules or regulations, a substantial understatement of income tax, or a substantial valuation misstatement, respectively. SIB Partnership, Ltd., the tax matters partner, petitioned the Court in response to the FPAA. At the time of the filing of this petition, the partnership's principal place of business was in New York.

## Discussion

### I. Standard of Review

The Court may grant summary judgment upon all or any part of the legal issues in controversy where the record establishes that there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine dispute as to any material fact, and factual inferences are drawn most

**[\*6]** favorably to the party opposing summary judgment.  Fielder v.

Commissioner, T.C. Memo. 2012-284, at \*13; see also United States v. Diebold,

Inc., 369 U.S. 654, 655 (1962); Dahlstrom v. Commissioner, 85 T.C. 812, 821

(1985).  In responding to a motion for summary judgment, a nonmoving party such

as petitioner must do more than merely allege or deny facts.  Rule 121(d).  The

nonmoving party must "set forth specific facts showing that there is a genuine

dispute for trial."  Id.  See generally Celotex Corp. v. Catrett, 477 U.S. 317, 324

(1986).

Respondent contends that there is no genuine dispute of material fact as to

whether the easement at issue is a qualified conservation contribution under

section 170(h).  While petitioner's response attempts to place before the Court a

factual dispute as to whether the terms of the easement and amended declaration

collectively impose enforceable restrictions on the entire exterior of the property,

petitioner has not submitted any affidavits, declarations, answers to

interrogatories, deposition testimony, or any other acceptable evidence to show

that there is a genuine dispute for trial.  See Rule 121(d).  On the basis of the

record at hand, we conclude that this case is ripe for partial summary judgment.

[*7] II.     Qualified Conservation Contribution Under Section 170(h)

Section 170(a)(1) generally allows a deduction for any charitable contribution made during the taxable year.  In this context, a charitable contribution includes a gift of property to a charitable organization, made with charitable intent and without the receipt or expectation of receipt of adequate consideration.  See Hernandez v. Commissioner, 490 U.S. 680, 690 (1989); United States v. Am. Bar Endowment, 477 U.S. 105, 116-118 (1986); see also sec. 1.170A-1(h)(1) and (2), Income Tax Regs.  While section 170(f)(3) generally does not allow an individual to deduct a charitable contribution for a gift of property consisting of less than his or her entire interest in that property, an exception applies in the case of a "qualified conservation contribution".  See sec. 170(f)(3)(B)(iii).  A contribution of real property is a qualified conservation contribution if (1) the real property is a "qualified real property interest", (2) the contributee is a "qualified organization", and (3) the contribution is "exclusively for conservation purposes".  Sec. 170(h)(1); see also sec. 1.170A-14(a), Income Tax Regs.

The parties do not dispute that the easement is a "qualified real property interest" under section 170(h)(2), nor do they dispute that the NAT is a "qualified organization" under section 170(h)(3).  The parties' sole point of disagreement is

[*8] whether the contribution is "exclusively for conservation purposes" under section 170(h)(4).

A contribution is made exclusively for conservation purposes if it meets the tests of section 170(h)(4) and (5).[2] Section 170(h)(4)(A) provides that a contribution is for a conservation purpose if it preserves a historically important land area or a certified historic structure. Section 170(h)(4)(B) provides that a contribution that consists of a restriction with respect to the exterior of a certified historic structure shall not be considered to be exclusively for conservation purposes unless the interest: (1) includes a restriction which preserves the entire exterior of the building (including the front, sides, rear, and height of the building); and (2) prohibits any change in the exterior of the building which is inconsistent with the historical character of the exterior.

To determine whether the conservation easement complies with the requirements for the conservation easement deduction under Federal tax law, we must look to State law to determine the effect of the easement. State law determines the nature of the property rights, and Federal law determines the appropriate tax treatment of those rights. Carpenter v. Commissioner, T.C. Memo.

_____

[2]Sec. 170(h)(5)(A) generally provides that a contribution of a qualified real property interest may be exclusively for conservation purposes only if it is protected in perpetuity.

[*9] 2012-1, 103 T.C.M. (CCH) 1001, 1004 (2012); <u>Estate of Lay v.</u>

<u>Commissioner</u>, T.C. Memo. 2011-208, 102 T.C.M. (CCH) 202, 208 (2011).

Specifically, we must look to State law to determine whether the partnership

granted the NAT a restrictive easement as to the entire exterior of the property.

Respondent argues that the partnership cannot grant a valid easement

restricting the entire exterior of the building when the partnership does not own

the entire exterior. Petitioner argues that, under Illinois law, ownership of the

entire exterior is not required to grant an easement which imposes enforceable

restrictions on the entire exterior of the building. Under Illinois State law, a

person can grant only a right which he himself possesses. <u>Munroe v. Brower</u>

<u>Realty & Mgmt. Co.</u>, 565 N.E.2d 32, 36 (Ill. App. Ct. 1990); <u>see also</u> <u>Fyffe v.</u>

<u>Fyffe</u>, 11 N.E.2d 857, 862 (Ill. App. Ct. 1937). We hold that the partnership did

not assign a restrictive easement in the entire exterior of the property, as required

by the plain meaning of section 170(h)(4)(B)(1), because the partnership only had

rights to the Facade, as defined by the amended declaration.[3]

---

[3]Because we hold that the partnership did not have a right to the entire exterior of the property, we need not decide whether, under Illinois State law, an ownership right is required to grant a restrictive easement in the entire exterior of a building.

[*10] Petitioner argues that the partnership has an assignable right in the entire exterior because the partnership has an obligation under section 5.1(I) of the amended declaration to maintain the entire facade of the building. In essence, petitioner invites the Court to find a right in an obligation, but does not cite any Illinois caselaw in support of its proposition. We decline this invitation.

Petitioner next argues that section 14.1 of the amended declaration, which disallows certain alterations to the property without the prior written consent of the other property owner, gives the partnership an assignable right to the entire exterior of the property. However, the altering owner must obtain prior written consent from the other owner only if the alteration will materially alter the Facade of the property. The partnership does not have the right to restrict alterations to the two sides of the building not covered by the definition of Facade, nor the numerous excluded portions of the other two sides.[4] The partnership cannot contribute a right it does not possess.[5] Therefore, we hold that the partnership's

---

[4]Because we hold that the partnership does not possess a right in the entire exterior of the property, we need not decide whether an alteration that is inconsistent with the historic character of the exterior is necessarily a materially alteration.

[5]Because we hold that the partnership does not possess the right to restrict alterations to the entire exterior of the building, we need not decide whether this right "runs with the land".

**[*11]** contribution is not a "qualified conservation contribution" under section 170(h)(1) because it is not a restriction that preserves the entire exterior of a certified historic structure.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.